UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| **CALVIN CLARK JR.,**<br><br>Plaintiff,<br><br>vs.<br><br>**CRYSTAL CROMWELL, *et al.*,**<br><br>Defendants. | 2:23-CV-10652-TGB-KGA<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT** |
| **CALVIN CLARK JR.,**<br><br>Plaintiffs,<br><br>vs.<br><br>**CRYSTAL CROMWELL, *et al.*,**<br><br>Defendants. | 2:23-CV-10769-TGB-KGA<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT** |

Calvin Clark Jr., an individual without a lawyer, has filed two cases under 42 U.S.C. § 1983, asserting that his constitutional rights were violated in several ways during state-court proceedings concerning the termination of his parental rights. He has also filed applications to proceed as a pauper. The cases are before the Court for a review of those applications and his Complaints. Because the Complaints and applications in both cases are identical, both cases will be addressed in the same order. For the reasons explained below, Clark's applications to proceed as a pauper will be **GRANTED**, and his complaints will be **DISMISSED.**

1

## I. Application to Proceed as a Pauper

Clark has filed applications to proceed in forma pauperis—that is, without prepaying filing fees. *See* 28 U.S.C. § 1915(a)(1). In affidavits accompanying his applications Clark states that he has no income and no savings. ECF No. 2. These affidavits adequately show that Clark is indigent, so the Court will **GRANT** his applications and allow his complaints to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990).

## II. Initial Review of Complaint

Once a pauper's complaint has been filed, the Court must review it to ensure it is not frivolous or malicious, plausibly states a claim for relief, and does not seek monetary relief against defendants immune from such relief. 28 U.S.C. § 1915(e)(2).

Complaints of litigants without lawyers are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But they must still comply with Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)-(3). Rule 8(a) does not require "detailed" factual allegations, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## A. Allegations

Clark's complaints concern the placement of his son and daughter in foster care and the termination of his parental rights. As defendants, he names Judge John A. Gadola, the Michigan Department of Health and Human Services (HHS), Genesee County, Prosecutor Mark Zelley, and two HHS case workers, Jordan McDonough and Crystal Cromwell.[1] ECF No. 1, PageID.8. He charges that the manner in which they handled his cases violated HHS internal policies regarding notice, family reunification efforts, investigations into alleged abuse and neglect, and the filing of removal petitions. *Id.* at PageID.13-14, 17-18. He invokes the Fourth, Sixth, Eighth, and Fourteenth Amendments, as well as 18 U.S.C. §§ 241-242, and asks for the restoration of his parental rights, the return of his children, and monetary damages. *Id.* at PageID.4, 14-15.

According to Clark, he was not notified that HHS had received reports of neglect about his son (who was then living with his maternal grandparents in Michigan) and that the agency was recommending emergency foster care placement until Clark telephonically attended a custody hearing in August 2018. *Id.* at PageID.9-10. At the time, Clark was living in Florida. *Id.* At the conclusion of the hearing, Judge Gadola agreed with HHS that Clark's son needed emergency foster care, *see* MCL

---

[1] On the civil cover sheet, Clark additionally names Jamie Bereinager as a defendant. ECF No. 1, PageID.19. Bereinager's identity and affiliation with this case is unclear; there are no specific allegations about any actions or omissions by this individual.

3

§§ 712A.14b, 722.638—but gave HHS the discretion to release him to Clark if Clark traveled from Florida to Michigan. *Id.*

Clark says that, at this juncture, the number of wrongdoings multiplied. While he was arranging to travel, his son told HHS that Clark had abused him, and HHS failed to tell Clark about these allegations. *Id.* at PageID.10. Then, when he arrived in Michigan, HHS refused to release his son to him and would not communicate with him. *Id.* Some 10 days later, HHS notified him it had filed an amended removal petition— without, according to Clark, conducting a proper investigation into the allegations of abuse. *Id.* He alleges that the court failed to hold a timely hearing on this amended petition. *Id.* And when his daughter was born later, in 2020, HHS took custody of her too. *Id.* at PageID.11. Clark says that, when he told his court-appointed attorney that he felt his constitutional rights were being violated, the attorney told him there was nothing he could do. *Id.* at PageID.11. From the complaints, it appears that a final hearing regarding his parental rights over his son has taken place, but the proceedings concerning his daughter are still pending. *Id.*

### B. Analysis

Clark's complaint must be dismissed. At the outset, most of the defendants Clark names are immune from suit.

*First,* the Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments." *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir.

4

2012) (internal citations omitted). HHS is an agency of the State of Michigan and qualifies as "the State" in this context. *See Kanuszewski v. Mich. Dep't of Health & Human Servs.*, 927 F.3d 396, 413 (6th Cir. 2019). Clark's claims against HHS are considered claims against the State of Michigan, so they must be dismissed.

*Second*, state judges, like Judge Gadola, are absolutely immune from liability under 42 U.S.C. § 1983 in suits arising from the performance of their judicial functions. *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012). Clark's complaint does not describe any particular wrongful act by Judge Gadola, let alone suggest that the claim concerns anything other than a court's proper performance of its judicial duties. Accordingly, Clark's claims against Judge Gadola must be dismissed.

*Third*, prosecutors, like Mark Zelley, are entitled to absolute immunity for actions "undertaken … in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [their] role as an advocate for the state." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993). From Clark's complaint, it is unclear whether Clark challenges conduct by Zelley that took place in criminal or civil proceedings. But he alleges no specific acts—wrongful, or otherwise—by Zelley, so there is nothing to suggest that Clark's claims concern anything other than actions Zelley took "as an advocate for the state." *Id*. As a result, Clark's claims against Zelley must be dismissed.

5

*Fourth*, social workers, like the HHS case workers here, have "absolute immunity when acting in their capacities as legal advocates." *Barber v. Miller*, 809 F.3d 840, 844 (6th Cir. 2015). This immunity does not extend to investigative or administrative acts, but the exception for investigative and administrative acts is a narrow one—"[a] plaintiff … cannot sue a social worker for her alleged failure to 'properly investigate' the facts supporting a petition for removal," nor can he sue a social worker on a theory "that she could have facilitated the return of a removed child had [she] performed an adequate investigation … between issuance of an initial removal order and the ultimate juvenile dependency hearing." *Turner v. Lowen*, 823 F. App'x 311, 317 (6th Cir. 2020) (internal citations omitted). McDonough and Cromwell are therefore immune for acts undertaken "in their capacity as legal advocates," including any misrepresentations they may have made to the family court based on deficient investigations. *Pittman v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 640 F.3d 716, 726 (6th Cir. 2011).

Of course, their immunity does not extend to claims based on conduct unrelated to their role as family-court advocates, such as claims that they failed to keep Clark abreast of family-court developments or withheld information that would have enabled him to assert his rights. *See Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000) (en banc). But on this score, Clark's allegations are vague and refer to the defendants as a collective group, making it unclear what behavior he means to

6

attribute to which case worker—or to what extent the case workers he has named were involved in his case at all.² And persons sued under § 1983 can be held liable based only on their own individual acts and conduct.³ *Heyerman v. Cty. of Calhoun*, 680 F.3d 624, 647 (6th Cir. 2012).

Clark's complaint also does not state a cognizable claim against Genesee County. A municipality cannot be held liable for failing to supervise its employees; instead, a plaintiff must establish that a policy or custom of the municipality caused the constitutional violation. *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978)). Because Clark does not connect any of the constitutional

---

² The only defendant-specific allegation Clark makes is that McDonough received a report about neglect concerning his son and later completed an investigation report. ECF No. 1, PageID.13. There are no allegations about Cromwell. Clark does not allege that McDonough should *not* have investigated the report or that the preliminary investigation was inadequate; instead, he faults McDonough for not permitting him to respond to the report. Clark's complaint alleges, however, that it was the grandparents—not him—who were named as respondents, so Clark's conduct was not at issue and he was not the party obligated to respond. And Michigan law allows for the issuance of temporary protective-custody orders in the absence of notice to any party. *See* MCL § 712.14b.
³ The Court also notes that some district courts have applied the doctrine of qualified immunity, which normally must be asserted as an affirmative defense, to bar claims against social workers at the screening and motion to dismiss stages. *See, e.g.*, *Jamison v. Child Protective Servs.*, No. 1:17-CV-559, 2017 WL 4510629, at *4-*5 (W.D. Mich. Oct. 10, 2017); *Kennedy v. Rupe*, No. 17-13187, 2017 WL 4820382, at *2 (E.D. Mich. Oct. 4, 2017), *report and recommendation adopted*, 2017 WL 4811646 (E.D. Mich. Oct. 25, 2017).

7

violations he alleges to a policy or custom of Genesee County, the claims against Genesee County must be dismissed.

Moreover, the Court lacks jurisdiction over many of Clark's claims under principles of comity and deference to state expertise in the field of domestic relations; it cannot issue a declaration that the state's child-custody determination is unlawful, an injunction for the return of the children, or monetary damages relating to the child-custody determination. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *see also Sefa v. Kentucky*, 510 F. App'x 435, 437-38 (6th Cir. 2013); *Stephen v. Hayes*, 374 F. App'x 620, 623 (6th Cir. 2010). And Clark cannot assert a private right of action under any of the federal criminal statutes on which he bases claims for relief. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")

### III. CONCLUSION

For the reasons explained above, Clark's requests to proceed in forma pauperis are **GRANTED**. His complaints are **DISMISSED WITHOUT PREJUDICE** pursuant to § 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED**, this 1st day of May, 2023.
BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

8